After hearing the arguments of counsel on both sides, the Chief Justice delivered the opinion of the court in the words following :
The question in this case is, whether, on a deficiency of assets, promissory notes, given since the executor’s act of March, 1789, are tobe paid in average and proportion with bonds given since that period ? And, on mature consideration, we are of opinion that notes now hold only the same rank which they did before the act passed.
It has been contended that the legislature meant to place them on a footing with bonds, and a conversation has been mentioned, which passed between the members of the house of representatives who brought in the bill ; but the court can pay no regard to this information — it must not weigh with us in our judicial capacities ; the act must be construed by what is found in the act itself, and not by any thing extraneous. There is nothing in the act which indicates such was the intention of the legislature. If, indeed, at the time of passing the act, nothing but a bond was called an obligation, from the necessity of giving efficacy to the word obligations, which otherwise would be an expression *447 without meaning, we might have been inclined to say that the legislature meant, by that word, any writing signed by the party acknowledging the debt, although such writing was not sealed. But the word obligation is a technical term, which, in its legal and proper meaning, signifies a contract under seal Penal bills, a covenant, a charter-party, an indenture, are obligations ; there is, therefore, no necessity to construe a note to mean an obligation, in order to make sense of this act. The' words a bonds or other obligations’’ may well, read thus — bonds or other contracts under seal. If we once admit of suppositions, we may suppose any thing; and one judge may suppose one thing, and another judge another thing. We have no rule to govern us, but, construing the act according to the legal and technical meaning, we stand upon firm ground.
It was, some time ago, determined by this court, under the county court act, which declares that “ notes should constitute specialty,” that they were made specialty only for the purpose of bringing an action of debt upon them in the county courts, so that you might join notes, bonds, and contracts, under seal, in one action of debt in the county courts : and I believe no attorney has ever thought of doing so, or of bringing an action of debt on a promissory note^ in this court.
To shew that the legislature did not mean to make them specialty for the purpose of being paid on a deficiency of assets, in average with bonds, let us refer to the act respecting bills of exchange. That act declares that in such case foreign bills, which are protested, shall be on a footing with bonds. Now, if the county court act had made bills and notes specialty, for the purpose of putting them on a footing with bonds, there would have been no occasion for the latter act; and even that act does not, in this respect, affect any but foreign bills — it leaves other bills, as well as promissory notes, on the same footing as they were before.
Let us consider what the law was before the act, with respect to the order and rank of the debts of a deceased person. By the common law, debts ranked in the following *448 order ; 1. Debts on record. 2. Debts by specialty. ¿¡. Debts without. The executor’s law of 1745, made no ah teration in the common law, except that persons who ob« tained administration as principal creditors, should not prefer one creditor to another, in equal degree. Before that act, a preference might be given. But with respect to the order of debts, it stood always in this country on the common law, and did not depend on any act of assembly. What has this act of 1789 done ? It- seems to have been the object of that act to bring and take into one view, all the laws with respect to wills, the duty of executors, and the distribution of assets. Accordingly, it re-enacts the law taken from the statute of frauds, which declares the requisites of a will; it shews the order in which debts are to be paid, mostly as they were before the act, and with very little alteration ; charges of the last sickness are indeed put on a footing with funeral charges ; and recapitulates the several kinds of debts. It does not mention the words promissory notes; and from that circumstance it has been argued, that if notes do not come under the word obligations. they are left unprovided for, and therefore are not to be paid at all. But this consequence does not follow ; for as they are not excluded by the act, they hold the same right and rank which they did before. It is of great consequence to every free country, that the laws should be fixed and settled ; and that when they are so, and generally known and understood, that they should not be changed by implication, or otherwise than by a clear, express and positive declaration of the will of the legislature. It has been the established law of this country, ever since the first settlement of it, that bonds should be paid before notes ; and this law is so generally known, that I suppose you would not find one man in a hundred (I speak of men of business) who is ignorant of it. Many good reasons may be given why bonds should have preference of notes. However, as they are proper for the consideration of the legislature, I shall'not state them here. If the legislature shall think fit to alter the law, it is to be hoped they will do so clearly and *449 explicitly. In the mean time, it would be wrong for us to give different meaning than the law affixes to a legal technical term, it not being necessary to do so; and this merely from an idea that the legislature meant to do so, which perhaps they did not, though some particular member might have had such an intention. As this is a question of much importance, I have stated thus fully the reasons upon which our opinions are founded.
Present, Rutledge, Ch. J. Burke, Gri?ike, W.a ties. and Bay, Justices.